NO. 07-88-0235-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 28, 2002



______________________________




4-COUNTY TRACTOR & EQUIPMENT, INC., ET AL., APPELLANTS



V.



FEDERAL DEPOSIT INSURANCE CORPORATION, APPELLEE




_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 7108; HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In the underlying suit for writ of error, (2) on February 16, 1988, the First State Bank
of Childress (the Bank) obtained a default judgment against appellants 4-County Tractor
& Equipment, Inc., Larry Womble, Jerry Hester and Ann Hester in the total amount of
$196,565.26, with post-judgment interest at the rate of 10% per annum until paid. 
Appellants' application for writ of error in the trial court was denied and an appeal to this
court was duly and timely perfected on October 5, 1988. On October 26, 1988, the
Federal Deposit Insurance Corporation (FDIC) was substituted for 4-County Tractor &
Equipment Inc. as the real party-in-interest. 

 Appellants' brief was filed on February 2, 1989. Appellee has filed no brief. On
January 3, 1989, appellants filed a "Suggestion of Bankruptcy" notifying this court that
appellant Larry Womble had filed for bankruptcy. On April 28, 1992, this court issued its
order abating the appeal until the receipt of notice that the bankruptcy stay had been
removed.

 Nothing further occurred in this court and, on June 13, 2002, under instruction from
the court, our clerk notified all attorneys of record requesting information as to the status
of the bankruptcy and directing that a reply be made not later than ten days from the date
of the written notice. In response to that notice, we received a notification that Larry
Womble had been discharged in bankruptcy on February 6, 1994. 

 However, other than that information about the discharge in bankruptcy, none of the
attorneys of record, with the exception of the attorney for the FDIC, were able to give us
any information about the status of the case. The notification to the attorney of record for
the FDIC was returned with the notation that she had moved and left no forwarding
address. We have received a June 17, 2002 letter from appellants' attorney of record to
another attorney, in which appellants' attorney states that "I simply do not recall facts
sufficient to respond to the Court's request."

 Thus, no satisfactory response justifying the retention of this case on our docket,
we must, and do hereby, dismiss this appeal for want of prosecution.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. This type of proceeding is now denominated as a Restricted Appeal. See Tex. R.
App. P. 30.